IN THE CIRCUIT COURT,
EIGHTH CIRCUIT, IN AND FOR
GILCHRIST COUNTY, FLORIDA

CASE NO.: _____

TILLIS FARMS, LLC,

       Plaintiff,

vs.

LTF GREENHOUSES, LLC,
a foreign corporation,

       Defendant.

_____/

## COMPLAINT

    Plaintiff, TILLIS FARMS, LLC, sues the Defendant, LTF GREENHOUSES., LLC, a foreign corporation, and alleges:

### GENERAL ALLEGATIONS

    1.    This is an action for damages in excess of Thirty Thousand Dollars, exclusive of costs and interest.

    2.    At all times material hereto, Plaintiff, TILLIS FARMS, LLC, ("Tillis") was a Florida limited liability corporation and was in the business of growing watermelons on a commercial basis for profit. In 2018, said crops of watermelons were grown in Gilchrist and Levy Counties in Florida.

    3.    The Defendant, LTF Greenhouses, LLC ("LTF") is a foreign limited liability company doing business in the State of Florida. Jurisdiction and venue are proper as to LTF, pursuant to the provisions of sections 47.051 and 48.193, Fla Statutes.

    4.    At all times material hereto, the Defendant LTF was engaged in the commercial greenhouse business growing, among other things, watermelon seedlings or plants for resale to commercial watermelon growers such as Plaintiff in Florida. LTF conducted business in several different manners:

        A.    A watermelon grower could purchase watermelon seedlings directly from LTF. These seedlings were grown from seeds purchased by LTF. Ltf

would then deliver the seedlings to the grower at the appropriately contracted time; or

  B. A watermelon grower could purchase its own watermelon seeds, have them delivered to LTF, and then LTF would grow the seeds into seedlings and then deliver the seedlings to the grower at the appropriately contracted time; or

  C. LTF was also a "preferred transplant grower" under Syngenta's Full Count® Plant Program. A watermelon grower could chose to participate in Syngenta's Full Count® Plant Program. As described above, a watermelon grower would order the variety of seedlings it wanted from Syngenta, Syngenta would send the seed to LTF, and LTF would grow the seed into seedlings and then deliver the seedlings to the grower at the appropriately contracted time.

5. In November and December, 2017, Tillis purchased multiple varieties of watermelon seeds from Seedway Seed Company.

6. At or about the same time, Tillis contracted with LTF to grow the seeds out to seedlings and to have the seedlings delivered to his farms in Florida at various times during March, 2018. (The LTF method of conducting business referenced in paragraph 4.B., above)  Tillis never had possession of the seed.  The seed were shipped directly by Seedway to LTF.

7. In March 2018, Tillis began taking delivery of the watermelon seedlings in stages from LTF and planted them on 7 different farms consisting of approximately 432 acres of land in Levy and Gilchrist counties in Florida in accordance with generally acceptable agricultural practices and procedures.  .

8. At all times material hereto, LTF knew that Tillis was ordering and taking delivery of the watermelon seedlings described above for the ordinary purposes of growing commercial watermelons for commercial resale in the north Florida marketplace, which market ends around the fourth of July each market year.

9. Notice of the defect was timely given by Tillis to LTF.

10. Tillis has performed all prerequisites to bringing this action.

## COUNT I
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## AGAINST LTF GREENHOUSES, LLC

Tillis realleges paragraphs 1 through 10 above insofar as they are necessary to state a cause of action for breach of implied warranty of merchantability and further alleges:

11.   As the seller of said watermelon seedlings, LTF impliedly warranted that said watermelon seedlings were reasonably fit for the ordinary purposes for which said watermelon seedlings are used.

12.   LTF breached the aforementioned implied warranty by selling and delivering to Tillis watermelon seedlings (transplants) that were unfit for the ordinary purposes for which they are used in that said watermelon seedlings were of poor quality, wilting and dying.  While pulling the transplants from the trays during transplanting into the field, a large of transplants came out of the trays bare root, meaning that the root system of the transplant was not sufficient to hold the soil around the transplants.  When planted in the fields, the seedlings either died outright or were stunted and slow to grow to such an extent that they were not maturing in the field.  It was obvious to Tillis that the seedlings produced at LTF were simply dying or not growing as normal seedlings customarily do.

13.   As a result of the death and dying of the seedlings, Tillis sought to mitigate the situation by seeking to acquire additional watermelon transplants from other sources to replace the dead and dying seedlings received from LTF.  However, by that time, watermelon seedlings were in short supply at greenhouses in Florida and south Georgia, other growers having received their orders.  Tillis contacted LTF representatives regarding acquisition of additional seedlings but LTF had no available seedlings.  Tillis contacted other greenhouses but could not obtain the varieties ordered from Syngenta but had to be satisfied with other seedlings of other varieties, when he could get them.

14.   The remaining watermelon plants produced and delivered by LTF only produced a partial crop of mature fruit during Tillis's sales window, the time period of the North Florida Market.

15. Tillis did acquire some replacement seedlings and planted them in the same field as replacements for the defective LTF seedlings that were dying and/or not performing. However, as a result of the later planting dates of those replacement watermelon seedlings, the plants did not mature and produce fruit during Tillis's sales window, the time period of the North Florida Market.

16. As a direct and proximate result of the aforementioned breach of implied warranty of merchantability, Tillis suffered damages by reason of the following:

    a. Loss of production in the amount of watermelon fruit failed to be produced by said seedlings and/or produced by the later replacement water; and

    b. Additional costs in purchasing replacement plants, replanting, respraying, refertilization, and other costs of attempting to mitigate the breach by LTF by harvesting and making an effort to get the watermelons to the marketplace, only to find that the market had passed them by.

WHEREFORE, plaintiff demands judgment for damages against LTF GREENHOUSES, LLC, plus interest thereon, costs of their action and such other and further relief as the Court deems just and equitable under the circumstances.

**COUNT II**

**BREACH OF EXPRESS WARRANTY**

**AGAINST LTF GREENHOUSES, LLC**

Plaintiff realleges paragraphs 1 through 10 above insofar as they are necessary to state a cause of action for breach of express warranty and further allege:

17. As the seller of said watermelon seedlings, LTF expressly warranted that said watermelon seedlings were free from exterior damage from all causes controlled by LTF and thus reasonably fit for the ordinary purposes for which said watermelon seedlings are used.

18. LTF breached the aforementioned express warranty by selling and delivering to Tillis watermelon seedlings (transplants) that were unfit for the ordinary purposes for which they are used in that said watermelon seedlings that were of poor quality, wilting and dying. While pulling the transplants from the trays during transplanting into the field, the majority of transplants came out of the trays bare root, meaning that the root system of the transplant was not sufficient to hold the soil around

the transplants. When planted in the fields, the seedlings either died outright or were stunted and slow to grow to such an extent that they were not maturing in the field.

19. As a result of the death and dying of the seedlings, Tillis sought to mitigate the situation by seeking to acquire additional watermelon transplants from other sources to replace the dead and dying seedlings received from LTF. However, by that time, watermelon seedlings were in short supply at greenhouses in Florida and south Georgia, other growers having received their orders. Tillis contacted LTF representative regarding acquisition of additional seedlings but LTF had no available seedlings. Tillis contacted other greenhouses but could not obtain the varieties ordered from LTF but had to be satisfied with other seedlings of other varieties, when he could get them.

20. The remaining watermelon plants produced and delivered by LTF only produced a partial crop of mature fruit during Tillis's sales window, the time period of the North Florida Market.

21. Tillis did acquire some replacement seedlings and planted them in the same field as replacements for the defective LTF seedlings. However, as a result of the later planting of those watermelon seedlings, the plants did not mature and produce fruit during Tillis's sales window, the time period of the North Florida Market.

22. As a direct and proximate result of the aforementioned breach of implied warranty of merchantability, Tillis suffered damages by reason of the following:

> a   Loss of production in the amount of watermelon fruit failed to be produced by said seedlings and/or produced by the later replacement water; and
>
> b   Additional costs in purchasing replacement plants, replanting, respraying, refertilization, and other costs of attempting to mitigate the breach by LTF by harvesting and making an effort to get the watermelons to the marketplace, only to find that the market had passed them by.

WHEREFORE, plaintiff demands judgment for damages against LTF GREENHOUSES, LLC, plus interest thereon, costs of their action and such other and further relief as the Court deems just and equitable under the circumstances

## COUNT III

## NEGLIGENCE AGAINST LTF GREENHOUSES, INC.

Plaintiff realleges paragraphs 1 through 10, 18 and 19 above insofar as they are necessary to state a cause of action for negligence and further allege:

23. As a grower and seller of commercial vegetable seedlings, including watermelon seedlings, LTF had a duty to operate its greenhouse operation consistent with the law and in a manner which would grow the seedlings to maturity before delivery making them reasonably fit for the ordinary purposes of planting the seedlings in the field and keep the seedlings free from disease, other bacterial processes or other chemical processes.

24. LTF knew or should have known the correct timing and procedures for watermelon seedling production and what chemicals are lawful to be used in its commercial greenhouse operations

25. LTF knew, or in the exercise of reasonable care, should have known that the watermelon plants that it grew for and delivered to Tillis were not mature enough for transplanting to the field or contaminated with disease, bacterial processes or chemical processes that made them not suitable for transplant to the field.

26. LTF breached its duty in that the greenhouse growing and inspection procedures utilized by LTF were inadequate to the extent that the watermelon seedlings produced for and purchased by Tillis were not mature enough for delivery and planting into the field or were contaminated with a variety of disease or bacterial processes or chemical processes.

27. In spite of the breach, LTF delivered the seedlings in a condition not fit for planting in the field.

28. As a direct and proximate result of the aforementioned negligence of LTF, Tillis suffered damages by reason of the following:

    a. Loss of production in the amount of watermelon fruit failed to be produced by said seedlings and/or produced by the later replacement water; and

    b Additional costs in purchasing replacement plants, replanting, respraying, refertilization, and other costs of attempting to mitigate the

breach by Syngenta by harvesting and making an effort to get the watermelons to the marketplace, only to find that the market had passed them by.

WHEREFORE, plaintiff demands judgment for damages against LTF GREENHOUSES, INC., plus interest thereon, costs of this action and such other and further relief as the Court deems just and equitable under the circumstances.

## JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted this _____ day of May, 2020.

AVERA & SMITH, LLP

/s/ Rod Smith
ROD SMITH, ESQ.
Florida Bar No. 0202551
JARED COMSTOCK, ESQ.
Florida Bar No. 95937
2814 SW 13th Street
Gainesville, FL 32608
Telephone: 352-372-9999
Facsimile: 352-375-2526
Email: rodsmith@avera.com
         rsservice@avera.com
Email: jcomstock@avera.com
         jdcservice@avera.com

and

PREVATT LAW FIRM, PL

/s/ James W. Prevatt, Jr.
JAMES W. PREVATT, JR.
Florida Bar No. 0352012
120 East Howard Street
Live Oak, Florida 32064
Telephone: 386-362-7979
Email: jprevatt@windstream.net

Attorneys for Plaintiff